# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1872

_____

| | | |
|---|---|---|
| Billy Grisso, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry G. Massanari, Acting | * | Appeal from the United States |
| Commissioner of the Social Security | * | District Court for the |
| Administration; Paul H. O'Neill, | * | Eastern District of Missouri |
| Secretary of U.S. Treasury; | * | |
| John Ashcroft, Attorney General of | * | [UNPUBLISHED] |
| the United States, | * | |
| | * | |
| Appellees.[1] | * | |

_____

Submitted:  September 4, 2001

Filed:  November 13, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

_____

    [1]Larry G. Massanari has been appointed to serve as Acting Commissioner of the Social Security Administration; Paul H. O'Neill has been appointed to serve as Secretary of the U.S. Treasury; and John Ashcroft has been appointed to serve as Attorney General, Department of Justice. All three have been substituted as appellees pursuant to Fed. R. App. P. 43(c)(2).

McMILLIAN, Circuit Judge.

Billy Grisso appeals from the final judgment entered in the District Court[2] for the Eastern District of Missouri granting him mandamus relief but denying him costs. For reversal, Grisso argues that he was the prevailing party because the district court exercised its mandamus jurisdiction, and that the district court therefore abused its discretion in denying him costs. For the reasons discussed below, we affirm the judgment of the district court.

The relevant facts are as follows. In September 1997 Grisso, a state prisoner from 1983 to 1994, petitioned for a writ of mandamus against the Social Security Commissioner, seeking reimbursement of disability insurance benefits that had been suspended while he was incarcerated. Also in September 1997, Grisso filed an application with the Social Security Administration (SSA) for approval of industrial training programs as rehabilitation programs. At the time his benefits were suspended, the law provided that an individual confined in jail for a felony might be entitled to monthly benefits if he participated in a rehabilitation program. See 42 U.S.C. § 402(x)(1) (1993) (amended 1994). When the SSA declined to consider his application, he moved the district court either to compel the SSA to rule on his application, or to approve the industrial training programs itself. The district court characterized the action as one seeking wrongfully terminated benefits and dismissed it. We reversed and remanded, however, for the district court to exercise its mandamus jurisdiction. See Grisso v. Apfel, 219 F.3d 791 (8th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1497 (2001). On remand, the district court ordered the Commissioner to consider the September 1997 application, and held that neither party would recover costs of the action from the other.

_____

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Under Fed. R. Civ. P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law." Costs may be awarded to the prevailing party in any civil action brought against the United States or any agency. See 28 U.S.C. § 2412(a)(1). We have interpreted Rule 54 as codifying the presumption that the prevailing party is entitled to costs, but we also have clarified that district courts retain "substantial discretion" in awarding costs. See Greaser v. Mo. Dep't of Corr., 145 F.3d 979, 985 (8th Cir.), cert. denied, 525 U.S. 1056 (1998).

We conclude that costs are recoverable here and that Grisso was the prevailing party. Nonetheless, we find no abuse of discretion in the district court's denial of costs, given that Grisso had achieved only a narrow victory and that he already had received some financial relief by being allowed to proceed in forma pauperis. Cf. id. (even though defendant was prevailing party, district court had discretion to refuse to tax costs in defendant's favor; discretion to deny costs was not limited to misconduct or other action worthy of penalty on prevailing party's part); Richmond v. Southwire Co., 980 F.2d 518, 520 (8th Cir. 1992) (per curiam) (award of costs may be reduced or denied because prevailing party obtained only nominal victory, or because taxable costs of litigation were disproportionate to result achieved). Our finding of no abuse of discretion is bolstered, moreover, by Grisso's failure to move to recover costs in the district court and to present a bill of costs outlining what expenses he incurred in litigating the action. See 28 U.S.C. § 1920 (requiring bill of costs to be filed).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.